IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON R. MIMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 11-55 |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

O R D E R

AND NOW, this 26th day of March, 2012, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal

1

court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]

As stated above, substantial record evidence supports the decision of the Administrative Law Judge ("ALJ") that Plaintiff is not disabled under the Social Security Act (the "Act"). Plaintiff's primary argument is that the ALJ erred by rejecting Dr. Cutlip's opinion that he had marked limitations in his activities of daily living ("ADL") and in maintaining social functioning. The Court disagrees.

Contrary to Plaintiff's assertion, the ALJ did not <u>reject</u> this treating physician's opinion outright; she explicitly stated that while she found Dr. Cutlip's opinion of marked limitations to be inconsistent with Plaintiff's testimony and unsupported by the medical evidence of record, she did incorporate into her residual functional capacity ("RFC") determination his opinion that Plaintiff had "deficiencies in concentration, persistence and pace that could result in his failure to complete tasks in a timely manner." (R. 18). She explained her reasons for discounting the weight of Dr. Cutlip's opinion, citing the fact that his progress report and assessment did not include a mental status examination and that he did not assess Plaintiff's functional work limitations. (<u>Id.</u> at 17). She summarized the objective medical evidence in the record as well as the testimony from the hearing and concluded that "[Plaintiff's mental condition] improved after being diagnosed and treated," and "after he moved into the assisted living residential program in May 2008." (<u>Id.</u> at 18). She also found that any deterioration experienced by Plaintiff as determined by Dr. Cutlip, "was, at most, only for a limited period particularly in light of [Plaintiff]'s prior reports and testimony regarding his activities." (<u>Id.</u>).

It is well-settled that a "treating physician's opinion on the nature and severity of an impairment will be given controlling weight only where it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record." <u>Salles v. Comm'r of Soc. Sec.</u>, 229 Fed. Appx. 140, 148 (3d Cir. 2007). The Court finds that the ALJ sufficiently explained her reasoning for affording less weight to Dr. Cutlip's opinion in accordance with <u>Cotter v. Harris</u>, 642 F.2d 700, 706-07 (3d Cir. 1981), and that substantial record evidence supports her decision to do so.

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 8) is DENIED and defendant's Motion for Summary Judgment (document No. 10) is GRANTED.

                                                s/Alan N. Bloch
                                                United States District Judge

ecf:     Counsel of record

---

The Court also notes that the ALJ's RFC determination is supported by Plaintiff's own testimony, where he testified that he was unlimited in his ability to sit so long as he was able to shift his weight and was able to lift 50 pounds occasionally and 30 pounds frequently. (Doc. No. 6-2 at 65-66). Indeed, the ALJ gave Plaintiff the benefit of the doubt by restricting him to lifting and carrying 20 pounds occasionally and 10 pounds frequently. (R. 13). While Plaintiff testified to limitations in his ability to stand and walk, the ALJ properly found that his limitations were "not supported by objective medical evidence and the record as a whole." (Id. at 15). She noted that although he "complained of pain in his joints in August 2006 . . . there [wa]s no objective medical evidence [in the record] prior to September 2006," and that a September 2006 x-ray of his cervical spine revealed "normal findings except for some degenerative changes." (Id.). She further noted that during Plaintiff's September 2006 hospitalization, "his records show[ed] that he had no problems with mobility and was able to take frequent walks." (Id.). Accordingly, the Court finds that the ALJ properly analyzed the medical evidence of record and incorporated all of Plaintiff's credibly established limitations into her RFC determination. The Court also finds that her determination is supported by substantial record evidence.